UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE GAUTHIER,

        Plaintiff,

v.

VOLUNTEERS OF AMERICA, INC., ET AL.,

        Defendants.

Case No. 15-14401

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

_____/

**ORDER DENYING DEFENDANTS' MOTION FOR DISMISSAL OR FOR MORE DEFINITE STATEMENT [4] AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS CLAIMS FOR SEX DISCRIMINATION AND RETALIATION [5]**

Plaintiff filed her Complaint [Dkt. #1] in this suit on December 21, 2015, bringing claims for race discrimination under Title VII, Michigan's Elliott-Larsen Civil Rights Act (ELCRA), and 42 U.S.C. § 1981; claims for sex discrimination and retaliation under Title VII and ELCRA; and a claim for intentional infliction of emotional distress under Michigan tort law. On April 29, 2016, Defendants filed a Motion for Dismissal or for More Definite Statement [4] and a Motion to Dismiss Claims for Sex Discrimination and Retaliation [5]. Plaintiff filed a Response [8] to the former motion on May 13, 2016, and a Response [9] to the latter motion on May 20, 2016. The Court deems the motions suitable for determination without oral argument in accord with Local Rule 7.1(f)(2).

For the reasons stated below, Defendants' Motion for Dismissal or for More Definite Statement [4] is **DENIED**.  Defendants' Motion to Dismiss Claims for Sex Discrimination and Retaliation [5] is **GRANTED** with respect to Plaintiff's Title VII claim for sex discrimination but **DENIED** with respect to Plaintiff's retaliation claims and her sex discrimination claim under ELCRA.

## FACTUAL BACKGROUND[1]

Plaintiff is a white woman.  According to her Complaint, she used to work for Defendant Volunteers of America (VOA) as a social worker focused on serving veterans. Defendants Inez Brown, Carl Crockett, and Dorian Mitchell were her superiors within VOA.  Defendants treated Plaintiff differently than they treated male employees and/or employees of color.  This disparate treatment included subjecting Plaintiff to unfair discipline.  In December 2014, an African-American coworker threatened Plaintiff and called her a "fucking bitch."  Defendants refused to (adequately) respond to Plaintiff's complaints of disparate treatment.  In fact, they retaliated against her for protesting the alleged discrimination.  Their retaliatory acts included transferring Plaintiff to a less desirable workplace, falsely accusing her of unsatisfactory performance (including in performance reviews), and disciplining her. Defendants terminated Plaintiff in June 2015.  Plaintiff's race, gender, and/or

---

[1] For purposes of this Order, the Court assumes that the allegations in Plaintiff's Complaint are true.  The truth of the allegations has not been established.

complaints about discrimination were motivating factors in Defendants' decision to terminate her.

Plaintiff filed a Notice of Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) in late July 2015. In the space provided for factual allegations underlying her charge, Plaintiff wrote the following:

> I began employment with the above-named employer on 10/23/2014, and I was last employed as a Case Manager.
> On 12/30/2014, I was disciplined for having an altercation with an African-American Case Manager. On 01/15/15, I was transferred from Warren to Detroit. On 06/09/15 I was discharged without reason by my African-American Supervisor.
> I believe I was disciplined, and ultimately discharged due to my race, Caucasian, in violation of the Title VII of the Civil Rights Act of 1964, as amended.

The form directed Plaintiff to "check" one or more boxes to identify the varieties of discrimination she was alleging. Plaintiff did not check the boxes for sex discrimination and retaliation; she only checked the box for race discrimination.

## ANALYSIS

### I.  Motion for Dismissal or for More Definite Statement [4]

Defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. "When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Darvocet, Darvon, and*

*Propoxyphene Products Liability Litigation*, 756 F.3d 917, 926 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "The plausibility standard is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

In the alternative, Defendants move for a more definite statement of Plaintiff's Complaint. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). A Rule 12(e) motion "should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Doe v. Mich. Dep't of Corrections*, No. 13–14356, 2014 WL 2207136, at *11 (E.D. Mich. May 28, 2014) (quoting *In re European Rail Pass Antitrust Litig.*, 166 F. Supp. 2d 836, 844 (S.D.N.Y. 2001)). "[A]llegations that are unclear due to a lack of specificity are more appropriately clarified by discovery." *Id.* (quoting *In re European Rail*, 166 F. Supp. 2d at 844); *see also* 5C FED. PRAC. & PROC. CIV. § 1377 (3d ed.) ("[A] Rule 12(e) motion based [only] on the belief that a better affirmative pleading by the opposing party will enable [the movant] to provide a more enlightening or accurate response will be denied.").

Plaintiff has pled factual content allowing the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged.  Further, Plaintiff's Complaint is not so vague as to be unintelligible or to prejudice Defendants in meeting the minimal standards for their answer.  Accordingly, Defendants' Motion for Dismissal or for More Definite Statement [4] is denied.

## II.     Motion to Dismiss Claims for Sex Discrimination and Retaliation [5]

Defendants move for dismissal of Plaintiff's Title VII claims for sex discrimination and retaliation on the grounds that Plaintiff failed to exhaust her administrative remedies.  In the event the Court dismisses a Title VII claim, Defendants ask the Court to decline to exercise supplemental jurisdiction over the corresponding ELCRA claim.

Generally, a plaintiff may not bring Title VII claims in federal court without first exhausting her administrative remedies on those claims by including them in a charge filed with the EEOC.  *Kuhn v. Washtenaw County*, 709 F.3d 612, 627 (6th Cir. 2013) (citing *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010)).  Under the Sixth Circuit's "expected scope of investigation" test, a plaintiff's EEOC charge may satisfy the exhaustion requirement with respect to a Title VII claim despite her failure to "check the box" corresponding to that claim or otherwise raise the claim explicitly.  *See Dixon v. Ashcroft,* 392 F.3d 212, 217 (6th Cir. 2004).  "[W]here facts related with respect to the charged claim would prompt the EEOC to

investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Id.* (quoting *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002)). Title VII's exhaustion requirement does not apply to ELCRA claims. *Fuller v. Michigan Dept. of Transp.*, 580 F. App'x 416, 425 (6th Cir. 2014) (citing *Rogers v. Bd. of Educ.*, 2 F.3d 163, 168 (6th Cir. 1993)).

Under the "expected scope of investigation" test, Plaintiff exhausted her administrative remedies on her Title VII retaliation claim despite her failure to check the "retaliation" box on her EEOC charge. Plaintiff's charge informed the EEOC that Plaintiff was transferred to a different location about two weeks after an "altercation" with a coworker. The EEOC could reasonably be expected to investigate whether the transfer was motivated by Plaintiff's conduct during the "altercation" and whether any of that conduct was protected within the meaning of Title VII's retaliation provisions.

In contrast, Plaintiff did not exhaust her administrative remedies on her Title VII sex discrimination claim. Plaintiff did not mark the "sex" box on the EEOC charge, and did not refer to her gender or the gender of anyone else when identifying the factual basis for her charge. Accordingly, Plaintiff concedes that the exhaustion issue is "closer" with respect to her sex discrimination claim than with respect to her retaliation claim. Nevertheless, Plaintiff argues that the charge could reasonably trigger an investigation into sex discrimination because the charge referred to the December 2014 altercation between Plaintiff and a coworker, during which, as

6 of 8

Plaintiff alleges in her Complaint, the coworker called Plaintiff a "fucking bitch." This argument fails because Plaintiff's EEOC charge, unlike her Complaint, did not mention the word "bitch" or otherwise suggest that any of Plaintiff's coworkers used sexist language. Because the charge did not include any content that could reasonably be expected to prompt the EEOC to investigate sex discrimination, Plaintiff's Title VII sex discrimination claim must be dismissed for failure to exhaust administrative remedies.

The Court will exercise supplemental jurisdiction over Plaintiff's ELCRA sex discrimination claim despite dismissing her corresponding claim under Title VII. Defendants have not disputed that Plaintiff's sex discrimination claim under ELCRA is sufficiently related to her remaining claims to *permit* the Court to exercise supplemental jurisdiction; they simply ask the Court to decline to do so. "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). A district court may also consider whether the plaintiff has engaged in forum shopping or other manipulative tactics. *Id.* (citing *Carnegie-Mellon*, 484 U.S. at 357). Defendants' sole argument concerning these considerations is that Michigan courts "are best equipped to interpret and apply their own State's law governing sex

discrimination."  The Court does not feel compelled by comity to forego adjudicating Plaintiff's ELCRA sex discrimination claim; indeed, federal courts in Michigan frequently adjudicate ELCRA claims, given the frequency with which they are filed alongside Title VII claims.  Further, the evidence relevant to Plaintiff's sex discrimination claim likely overlaps substantially with the evidence relevant to Plaintiff's Title VII claims for race discrimination and retaliation.  Judicial economy and convenience therefore weigh in favor of addressing the claims together in a single forum.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion for Dismissal or for More Definite Statement [4] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Claims for Sex Discrimination and Retaliation [5] is **GRANTED** with respect to Plaintiff's Title VII claim for sex discrimination but **DENIED** with respect to Plaintiff's retaliation claims and her sex discrimination claim under ELCRA.

**SO ORDERED**.

                                                               s/Arthur J. Tarnow
                                                               Arthur J. Tarnow
Dated: July 13, 2016                        Senior United States District Judge